## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HANS TIEFENTHALER, on behalf of themselves and others similarly situated, | : : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| HAC FUNDING LLC | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

Plaintiff Hans Tiefenthaler (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that HAC Funding LLC ("HAC Funding") made telemarketing calls to numbers on the National Do Not Call Registry, including the Plaintiff.

4.      Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.     Plaintiff Hans Tiefenthaler is, and at all times mentioned herein was, an individual in this District.

7.     Defendant HAC Funding LLC is a limited liability company.

## JURISDICTION AND VENUE

8.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.     This Court has specific personal jurisdiction over HAC Funding Advisors LLC because the company makes telemarketing calls into this District.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were made into this District and the Plaintiff resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14.     Defendant HAC Funding is a "person" as the term is defined by 47 U.S.C.

§ 153(39).

15.     The Plaintiff's phone number, 608-XXX-0111, has been on the National Do Not

Call List for more than two years.

16.     The number is used by the Plaintiff for personal purposes.

17.     The number is not associated with a business.

18.     At no point prior to the calls at issue has Plaintiff sought out or solicited

information regarding Defendant's services.

19.     Despite this, the Plaintiff received the following text messages from the

Defendant:



20.     To identify who was contacting his number on the National Do Not Call Registry illegally, the Plaintiff responded to the text messages.

21.     The Plaintiff then got a policy offering following up on the text messages that was from "Kevin Parker", "Senior Funding Specialist, HAC Funding LLC.

22.     Mr. Parker had an e-mail address of Kevin@HACFunding.com.

23.     That is an e-mail address owned by the Defendant.

24.     Mr. Parker's e-mail signature block had a website of www.HACFunding.com.

25.     That is a domain owned by the Defendant.

26.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of themselves and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

> **Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

28.     Defendant and its employees or agents are excluded from the Class.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

29.     Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

30.     Members of the Class are so numerous that their individual joinder is impracticable.

31.     On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, as well as the generic nature of the solicitation, Members of the Class number in the thousands.

32.     The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

34.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35.     Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

36.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

37.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

38.     The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

39.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

41.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

42.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

43.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

44.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## <u>COUNT I</u>

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

8

46.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47.     The Defendant's violations were negligent, willful, or knowing.

48.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

49.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding

that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms

representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.


Dated: July 14, 2022                    PLAINTIFF, on behalf of himself
                                        and others similarly situated,

                                        */s/ Anthony I. Paronich*
                                        Anthony I. Paronich
                                        Paronich Law, P.C.
                                        350 Lincoln Street, Suite 2400
                                        Hingham, MA 02043
                                        (508) 221-1510
                                        anthony@paronichlaw.com